# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Edward C. Grimes,**
**Petitioner Below, Petitioner**

**FILED**

**November 8, 2013**
**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

**vs)  No. 12-1425** (Berkeley County 09-C-1023)

**Marvin Plumley, Warden,**
**Huttonsville Correctional Center,**
**Respondent Below, Respondent**


## MEMORANDUM DECISION

Petitioner, Edward C. Grimes, by counsel Christopher J. Prezioso, appeals the Circuit Court of Berkeley County's denial of his petition for writ of habeas corpus. Respondent, Marvin Plumley, Warden, Huttonsville Correctional Center, by counsel Christopher C. Quasebarth, filed a response.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

On November 16, 2006, petitioner was convicted by a jury of second degree murder in the shooting death of Ronald Kidrick. The court sentenced petitioner to forty years in the penitentiary and directed that he make restitution in the amount of $17,272.36, representing the victim's final medical expenses.

The evidence at trial revealed the following: Petitioner was involved in a relationship with Mary Davis, who lived in the Relax Inn just south of Martinsburg with her three children. Petitioner lived with Davis in the motel from time to time. In the early morning hours on July 30, 2005, a friend of Ms. Davis's brought Michael Moneypenny to Davis' room at the motel. Mr. Moneypenny had been beaten and pepper-sprayed in a bar, and Davis was helping him with his injuries. Petitioner entered the room and began striking Moneypenny with his fist and a handgun in the presence of Davis and two of Davis's children, Christopher, age 12, and Trejon, age 6. Moneypenny was ejected from the room and collapsed outside.

Christopher and Trejon went in and out of the motel room to check on Moneypenny. Also, they made a number of telephone calls to Ronald Kidrick who was supposed to pick up the boys for a family gathering. Trejon is Kidrick's biological son. During the final call, Christopher told Kidrick that petitioner was present, and Kidrick expressed reluctance to come to the motel.

1

At this point, petitioner took the phone and said to Kidrick, "Don't use me as a scapegoat. If you want some, come and get some." Petitioner asked a friend, Gabriel "Ziggy" McGuire, for a ride away from the motel. Kidrick, in turn, asked a friend, Chris Petrucci, to drive him to the motel. Petrucci testified that he was not aware that Kidrick brought along a handgun. It was not clear whether Kidrick went to the motel to confront petitioner or to pick up the children for the family gathering.

When Kidrick and Petrucci arrived at the motel, petitioner and McGuire were walking in the parking lot, and Trejon and Christopher were outside checking on Moneypenny. Petitioner then shot Kidrick in the head. Kidrick fell to the ground and his handgun was later found beside him. A critical issue before the jury was who pulled his gun first, petitioner or Kidrick. The eyewitnesses to the shooting were Trejon and McGuire. Trejon testified that he saw petitioner and Kidrick talking, and that he saw Kidrick with a gun in his hand when he was shot. Trejon testified during the defense's cross-examination that he recalled telling the prosecutor that he saw his father pull his gun first. McGuire testified that Kidrick pulled his gun first and then petitioner pulled his gun and shot after being threatened. McGuire admitted on cross-examination by the State that he was close friends with petitioner and that the two had previously discussed the incident.

Kidrick died at the hospital. The cause of death was a gunshot wound to the head. Testing also determined that Kidrick had alcohol and cocaine in his system.

Petitioner fled the scene after the shooting and was eventually arrested in Maryland. On the drive back to West Virginia, petitioner made an unsolicited statement to the police to the effect that he did not want any trouble and did not know why Kidrick wanted to start something, so petitioner "did what he had to do." Despite petitioner's claim of self-defense at trial, the jury found him guilty of second degree murder.

Petitioner appealed his conviction to this Court in January of 2009. On November 16, 2009, this Court affirmed the conviction in a published opinion, *State v. Grimes,* 226 W.Va. 411, 701 S.E.2d 449 (2009).[1]

On May 22, 2012, after appointment of counsel, petitioner filed a petition for writ of habeas corpus and a *Losh* list with the circuit court. In his petition, petitioner alleged primarily that: (1) his trial counsel and appellate counsel were ineffective; (2) he was improperly denied bond; (3) the prosecuting attorneys made multiple prejudicial comments to the jury; (4) the

---

[1]In his direct appeal, petitioner alleged the following errors: (1) denial of his motion to dismiss the indictment based on the destruction of the investigating officer's notes regarding the officer's initial interview with Trejon; (2) denial of petitioner's motion to dismiss the indictment based on the officer's misconduct before the grand jury; (3) admission of police records over petitioner's hearsay objection; (4) admission of evidence of petitioner's altercation with a stranger (Mr. Moneypenny) at the scene just prior to the shooting; (5) denial of petitioner's mid-trial motion for judgment of acquittal; (6) denial of petitioner's motion for judgment of acquittal at the end of the evidence; (7) allowing the first degree murder charge to go to the jury; (8) denial of petitioner's motion for new trial or mistrial; and, (9) petitioner's sentence was disproportionate to the crime.

evidence was insufficient to sustain a guilty verdict; (5) his sentence was disproportionate to the crime; (6) the evidence of his altercation with Moneypenny should not have been admitted; (7) his due process rights were violated by the investigating officer's conduct; (8) the court improperly rejected a binding guilty plea that would have resulted in a sentence of twelve years in the penitentiary; (9) witnesses were permitted to testify whose criminal histories had only been disclosed moments before their testimony; and, (10) the cumulative effect of the errors violated his due process rights. Petitioner also raised twenty-three other errors in his *Losh* list, but provided no factual or legal support therefor.

The circuit court determined there was no need for an evidentiary hearing on the petition, ruling that the facts and legal arguments were adequately presented in the parties' briefs. The court made findings of fact and conclusions of law, and analyzed the ten allegations for which petitioner provided factual and legal support. The court summarily denied the allegations for which petitioner provided no support. The court entered its Order Denying Petition for Writ of Habeas Corpus on November 2, 2012. From this order, petitioner appeals to this Court.

This Court reviews appeals of circuit court orders denying habeas corpus relief under the following standard:

> "In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review." Syllabus point 1, *Mathena v. Haines,* 219 W.Va. 417, 633 S.E.2d 771 (2006).

Syl. Pt. 1, *State ex rel. Franklin v. McBride,* 226 W.Va. 375, 701 S.E.2d 97 (2009).

On appeal, petitioner raises eleven assignments of error that challenge the following: (1) the circuit court's failure to conduct an evidentiary hearing; (2) sufficiency of the evidence; (3) ineffective assistance of counsel; (4) denial of pre-trial bond; (5) the State's alleged improper comments to the jury; (6) his unduly harsh sentence; (7) admission of 404(b) evidence; (8) alleged improper conduct by the investigating officers; (9) rejection of the plea agreement; (10) admission of witness testimony without timely disclosure of criminal histories; and, (11) cumulative effect of the errors.

In a protracted and directly written order, the circuit court addressed each and every error raised by petitioner. Our review of the order and the record reflects no clear error or abuse of discretion by the circuit court. Having reviewed the Circuit Court of Berkeley County's Order Denying Petition for Writ of Habeas Corpus entered on November 2, 2012, we hereby adopt and incorporate the circuit court's well-reasoned findings and conclusions as to the assignments of error raised in this appeal. The Clerk is directed to attach a copy of the circuit court's order to this memorandum decision.

For the foregoing reasons, we affirm.

3

Affirmed.

**ISSUED:**  November 8, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

# IN THE CIRCUIT COURT OF BERKELEY COUNTY, WEST VIRGINIA
## Division II

STATE OF WEST VIRGINIA, ex rel.
EDWARD C. GRIMES,

    Petitioner,

v.

CIVIL CASE NO. 09-C-1023
Underlying Criminal Case No.: 06-F-21
JUDGE WILKES

ADRIAN HOKE, Warden,
Huttonsville Corrctional Center

    Respondent.

## ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

This matter came before the Court this ___/ɕ𝑡___ day of November, 2012, pursuant to

Petitioner's Petition for Post-Conviction Habeas Corpus Relief. Petitioner, Edward C. Grimes,

by counsel Christopher Prezioso, and Respondent, Marvin Plumley, Warden, by counsel

Christopher Quasebarth, have fully briefed the issues before the Court. The Court dispenses with

oral argument because the facts and legal contentions are adequately presented in the materials

before the court and argument would not aid the decisional process. Upon these briefs, all

matters of record in this case, the underlying criminal case, and the appeal; and review of the

pertinent legal authorities, the Court rules that each of Petitioner's claims fails to show any

constitutional error or any need for an evidentiary hearing, and therefore the Petition should be

denied and the sentence should be upheld.

### Procedural History

1. In February 2006, Petitioner was indicted on one count of murder for the killing of

Ronald Kidrick. *See*, Court File, 06-F-21, Indictment.

Handwritten margin notes: L C / 11-2-12 / Prezioso / c Quasebarth / A Hoke / E Grimes / BK

Stamp: CIVIL ORDER BOOK NO. 232 / PAGE 487-507 / DATE 11-2-12

2. On May 10, 2006, Petitioner signed a plea offer from the State. However, prior to the trial court's acceptance of the plea, Petitioner decided to withdraw it. *See*, Transcript July 19, 2006, p. 5.

3. After some pretrial litigation, a pretrial hearing was held on July 19, 2006, where various evidentiary issues were argued.

4. On November 16, 2006, a jury found the Petitioner guilty of Murder in the Second Degree for killing Ronald Kidrick.

5. Thereafter, the trial court denied Petitioner's post-trial motions, entered judgment on the verdict, and sentenced the Petitioner to the statutory sentence of forty (40) years' incarceration in the penitentiary and directed Petitioner to pay restitution of $17, 272.36, representing the victim's final medical expenses.

6. On September 24, 2007, the trial court re-sentenced Defendant in order to allow for an appeal.

7. On January 24, 2009, Petitioner filed a Petition for Appeal of his conviction and sentence to the Supreme Court of Appeals of West Virginia. The Petition for appeal alleged error based upon following issues:

    a. Denial of motion to dismiss for *Brady* violation in regard to investigating officer's actions,

    b. Denial of motion to dismiss for misconduct before the grand jury,

    c. Trial court's admission of police records over a hearsay objection,

    d. Trial court's admission of "intrinsic" evidence which should have been excluded under 404(b),

    e. Trial court's denial of Petitioner's mid-trial motion for judgment of acquittal,

f. Trial court's denial of Petitioner's motion for judgment of acquittal at the end of the evidence,

g. Trial court's allowing the first degree murder charge to go to the jury,

h. Trial court's denial of a motion for a new trial or for a mistrial, and

i. Petitioner's sentence of forty years.

8. The Supreme Court of Appeals of West Virginia heard the appeal, and on November 16, 2009, the Supreme Court of Appeals of West Virginia affirmed the conviction and sentence in a published opinion. *State v. Grimes*, 226 W.Va. 411, 701 S.E.2d 449 (2009).

9. The Petitioner filed a *pro se* habeas petition, after which counsel was appointed to represent the Petitioner. Thereafter, Petitioner's counsel filed a verified Petition for Writ of Habeas Corpus and Losh list. *See*, Petition for Writ of Habeas Corpus, 5/22/12.

10. Respondent was ordered to respond and did so. Petitioner's Habeas Corpus Petition is now ripe for adjudication.


## *Findings of Fact Relevant to Petitioner's Claims*

1. After his indictment in the underlying case, on March 10, 2006, Petitioner, with the assistance of counsel, moved the circuit court to set bail. On March 20, 2006, the circuit court held a hearing on Petitioner's motion. At the hearing Petitioner's counsel made arguments and cross-examined the state's witness. *See*, Transcript 3/20/12, Bond Hearing. Upon hearing the evidence of the witness, the proffer of evidence from Defense, and argument, the circuit court denied the motion to set bail, noting that Petitioner's actions prior to arrest demonstrated that he was flight risk and that his

criminal history showed he had propensity for violence. Transcript 3/20/06, p.22-23; Order entered March 22, 2006.

2. A signed plea agreement to the lesser-included offense of second degree murder appears in the court file; however, the record shows that Petitioner withdrew from this plea agreement prior to entering it with the trial court after the victim's family objected to the agreed-upon sentence of twelve years. *See,* Transcript 7/19/06, 4-5.

3. Petitioner's trial counsel made various pretrial motions which were heard at the pretrial hearing on July 19, 2006. The record reveals that trial counsel also zealously cross-examined witnesses, made various objections, and argued several motions during and following trial.

4. The record shows that the investigating officer, Lt. K.C. Bohrer, took field notes which resulted in an initial report by the Medical Examiner stating that initial reports show that the victim had pulled a gun first. These field notes were either lost or destroyed. The Court notes that this issue was fully briefed, argued and considered on direct appeal.

5. During trial, the prosecuting attorney and defense trial counsel engaged in several zealously fought arguments regarding mostly evidentiary issues. Some of these were partially done in the presence of the jury. Defense trial counsel did move for a mistrial related to some of these. However, the trial court considered these issues and denied Petitioner's motion. These issues were also considered on appeal.

6. At trial, the State called the following persons who testified, and through whom evidence was introduced:

    a. Deputy Fleagle, a responding officer,

    b. Lieutenant K.C. Bohrer, the investigating officer,

c. Officer Paul Richard Copenhaver,

d. Dr. Karl Vargo, a medical doctor and expert in neurology,

e. Dr. Zia Sabet, Deputy Chief Medical Examiner of the State of West Virginia,

f. John Grantham, a friend of the victim who was with him prior to his death,

g. Mary Davis, Petitioner's girlfriend at the time of the shooting who was present at the shooting,

h. Christopher D., a witness (a minor child),

i. Trejon K, a witness and biological son of the victim (a minor child),

Petitioner's trial counsel cross-examined each witness.

7. Defense moved for judgment of acquittal, which the Court denied, and the Defense then called the following witnesses:

a. Dennis Streets,

b. Chris Petrucci,

c. Captain Brining,

d. Lieutenant K.C. Bohrer,

e. Gabriel "Ziggy" McGuire.

(Petitioner did not testify).

8. The evidence received at trial revealed the following:

In July 2005, Mary Davis was living with her three children at a motel known as the Relax Inn on Winchester Avenue just south of Martinsburg, West Virginia. Two of the children, Christopher, age 12, and Trejon, age 6, were present during the events in question. Trejon is the son of the victim, Ronald L. Kidrick. The third child, Jordan, was not present. The Petitioner, Edward C. Grimes, was involved in a relationship with Mary Davis and lived at the motel from time to time.

In the early morning hours of July 30, 2005, a friend brought Michael Moneypenny to Mary's room at the motel. Moneypenny, a co-worker of Mary, was intoxicated and had been beaten and pepper-sprayed in a bar. He was placed in a bed, and Mary was cleaning his wounds when the appellant entered the room. Moneypenny was a stranger to Petitioner. Petitioner began striking Moneypenny with his fist and with a handgun in the presence of Mary, Christopher, and Trejon. Moneypenny was ejected from the room, and he collapsed outside.

Chris and Trejon went in and out of the motel room to check on Moneypenny. In addition, they made a number of telephone calls to Kidrick, several miles away in Shepherdstown, West Virginia, because Kidrick was supposed to pick them up to attend an upcoming family gathering. During a final call, Chris informed Kidrick that Petitioner was present, and Kidrick expressed reluctance to come to the motel. Petitioner then took the telephone and said to Kidrick, "Don't use me as scapegoat. If you want some, come and get some." Soon after, Petitioner called a friend, Gabriel "Ziggy" McGuire, for a ride away from the motel. In the meantime, Kidrick, asked a friend by the name of Chris Petrucci to drive him from Shepherdstown to the motel. It is unclear whether Kidrick went to the motel to pick up the children or to confront Petitioner. Petrucci later testified that he did not know that Kidrick brought along a handgun.

When Kidrick and Petrucci arrived at the Relax Inn, Petitioner and McGuire were walking in the parking lot, and the two children, Christopher and Trejon, were checking on Moneypenny. Shortly after exiting Petrucci's vehicle, Kidrick was struck in the forehead by a single bullet fired by Petitioner. Kidrick fell to the pavement, and his handgun was later found beside him. Petitioner fled the scene on foot. A critical issue put before the jury at trial was whether Petitioner or the victim, Ronald L. Kidrick, was the first to pull out a handgun at the scene. The eyewitnesses to the shooting were McGuire and 6 year-old Trejon. Trejon testified that he thought his father, Kidrick, and Petitioner were talking quietly just before the shooting and he saw his father with a gun in his hand when he was shot. On cross-examination by the defense, Trejon testified that he remembered telling the prosecuting attorney that his father pulled his gun first. McGuire testified that Kidrick pulled his gun first and Petitioner pulled a gun and shot after being threatened. On cross-examination by the prosecution, McGuire testified that he is a close

friend with Petitioner and that they had briefly talked after the incident when they were both in jail. Neither Moneypenny, who was apparently unconscious, nor Mary Davis saw the shooting. Christopher, age 12, and Chris Petrucci heard the shot but were looking elsewhere at that moment. Kidrick was transported by ambulance to City Hospital, Inc., in Martinsburg and died several hours later in the intensive care unit. The cause of death was a single gunshot wound to the head. It was determined that Kidrick had been consuming alcohol and cocaine.

On September 7, 2005, Petitioner was arrested in the State of Maryland for the shooting of Kidrick. During the drive back to West Virginia, the appellant made an unsolicited statement to the police officers to the effect that he had not wanted any trouble and didn't know why Kidrick wanted to start something, so Petitioner "did what he had to do."

9. The Jury found Petitioner guilty of second degree murder.

10. At Sentencing, Petitioner was sentenced by the trial court to the statutory term of forty years. *See*, W. Va. Code § 61-2-3.

11. On direct appeal, appellate counsel alleged the trial errors reviewed *supra* in a lengthy petition, was granted review, and argued the matter before the Supreme Court of Appeals of West Virginia.

### *Conclusions of Law*

Petitioner's collateral attack upon his conviction and sentence comes in the form of a Petition for Writ of Habeas Corpus brought pursuant to the West Virginia post-conviction habeas corpus statute, W.Va.Code §§ 53-4A-1, *et seq*.

The procedure surrounding petitions for writ of habeas corpus is "civil in character and shall under no circumstances be regarded as criminal proceedings or a criminal case." W. Va. Code § 53-4A-1(a); *State ex rel. Harrison v. Coiner*, 154 W. Va. 467 (1970). A habeas corpus

proceeding is markedly different from a direct appeal or writ of error in that only errors involving constitutional violations shall be reviewed. *Syl. Pt. 2., Edwards v. Leverette,* 163 W. Va. 571 (1979).

"If the petition, affidavits, exhibits, records and other documentary evidence attached thereto, or the return or other pleadings, or the record in the proceedings which resulted in the conviction and sentence . . . show to the satisfaction of the court that the petitioner is entitled to no relief, or that the contention or contentions and grounds (in fact or law) advanced have been previously and finally adjudicated or waived, the court shall enter an order denying the relief sought." W. Va. Code § 53-4A-7(a).

If the court upon review of the petition, exhibits, affidavits, or other documentary evidence is satisfied that the petitioner is not entitled to relief the court may deny a petition for writ of habeas corpus without an evidentiary hearing. *Syl. Pt. 1, Perdue v. Coiner,* 156 W. Va. 467 (1973); *State ex rel. Waldron v. Scott,* 222 W. Va. 122 (2008). Upon denying a petition for writ of habeas corpus the court must make specific findings of fact and conclusions of law as to each contention raised by the petitioner, and must also provide specific findings as to why an evidentiary hearing was unnecessary. *Syl. Pt. 1, State ex rel. Watson v. Hill,* 200 W. Va. 201 (1997); *Syl. Pt. 4., Markley v. Coleman,* 215 W. Va. 729 (2004); R. Hab. Corp. 9(a). On the other hand, if the Court finds "probable cause to believe that the petitioner may be entitled to some relief . . . the court shall promptly hold a hearing and/or take evidence on the contention or contentions and grounds (in fact or law) advanced . . . ." W. Va. Code § 53-4A-7(a). When reviewing the merits of a petitioner's contention the Court recognizes that "there is a strong presumption in favor of the regularity of court proceedings and the burden is on the person who alleges irregularity to show affirmatively that such irregularity existed." *Syl Pt. 2,*

*State ex rel. Scott v. Boles*, 150 W. Va. 453 (1966). Furthermore, specificity is required in habeas pleadings, thus a mere recitation of a ground for relief without detailed factual support will not justify the issuance of a writ or the holding of a hearing. W. Va. Code § 53-4A-2; *Losh v. McKenzie*, 166 W. Va. 762, 771 (1981). "When a circuit court, in its discretion, chooses to dismiss a habeas corpus allegation because the petition does not provide adequate facts to allow the circuit court to make a 'fair adjuctiation of the matter,' the dismissal is without prejudice." *Markley v. Coleman*, 215 W. Va. 729, 734 (2004), *see* R. Hab. Corp. 4(c). However, rather than dismissing without prejudice the court may "summarily deny unsupported claims that are randomly selected from the list of grounds," laid out in *Losh v. McKenzie*. *Losh v. McKenzie*, 166 W. Va. 762, 771 (1981); *Markley v. Coleman*, 215 W. Va. 729, 733 (2004).

A review on the merits is not necessary for certain contentions which the Court determines have been previously and finally adjudicated or waived. "West Virginia Code § 53-4A-1(b) (1981) states that an issue is 'previously and finally adjudicated' when, at some point, there has been 'a decision on the merits thereof after a full and fair hearing thereon' with the right to appeal such decision having been exhausted or waived, 'unless said decision upon the merits is clearly wrong.'" *Smith v. Hedrick*, 181 W. Va. 394, 395 (1989). A contention which has been previously finally adjudicated on the merits does not require consideration by this court and may be denied. W. Va. Code § 53-4A-7(a); W. Va. Code § 53-4A-3(a); *Losh v. McKenzie*, 166 W. Va. 762 (1981); *Smith v. Hedrick*, 181 W. Va. 394, 395 (1989) (finding that a refusal to hear a petition for appeal, as opposed to a decision to affirm, is not a final decision on the merits precluding all future consideration). Also, "there is a rebuttable presumption that petitioner intelligently and knowingly waived any contention or ground in fact or law relied on in support of his petition for habeas corpus which he could have advanced on direct appeal but which he

failed to so advance." Syl. Pt. 1, *Ford v. Coiner*, 156 W. Va. 362 (1972). So, any ground that a habeas petitioner could have raised on direct appeal, but did not, is presumed waived. Syl. Pts. 1 & 2, *Ford v. Coiner*, 156 W. Va. 362, 196 S.E.2d 91 (1972). In addition, any grounds not raised in this petition for habeas corpus are deemed waived. *Losh v. McKenzie*, 166 W. Va. 762 (1981).

I.    Assistance of Counsel

Petitioner claims that trial counsel, Mr. Homer Speaker, Esq. and Mr. Steven Greenbaum, Esq. were ineffective in five ways (hereinafter referred to as contentions under this claim). Petitioner also claims that appellate counsel, Mr. John Adams, Esq., was ineffective in the appeal. After review of each of these contentions, in turn, the Court must conclude that the claim must be denied.

Both the Sixth Amendment to the Constitution of the United States and Article III, §14 of the Constitution of West Virginia assure not only the assistance of counsel in a criminal proceeding but that a defendant should receive "competent and effective assistance of counsel." *State ex rel. Strogen v. Trent*, 196 W. Va. 148, 152 (1996). In order to evaluate whether a defendant has received competent and effective assistance from their counsel West Virginia has adopted the two pronged test established by the United State Supreme Court in Strickland v. Washington. In order to prevail on a claim of ineffective assistance of counsel a petitioner under the two-prong test must show: "(1) Counsel's performance was deficient under an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." Syl. Pt. 5, *State v. Miller*, 194 W. Va. 3 (1995) (referencing *Strickland v. Washington*, 466 U.S. 668 (1984)) (hereinafter "Strickland test"). "In reviewing counsel's performance, courts must apply an

objective standard and determine whether, in light of all the circumstances, the identified acts or omissions were outside the broad range of professionally competent assistance while at the same time refraining from engaging in hindsight or second-guessing of trial counsel's strategic decisions. Thus, a reviewing court asks whether a reasonable lawyer would have acted, under the circumstances, as defense counsel acted in the case at issue." Syl. Pt. 6, *State v. Miller*, 194 W. Va. 3 (1995); Syl. Pt 2, *State ex rel. Strogen v. Trent*, 196 W. Va. 148, 152 (1996).

### A. Trial Counsel

In this case, Petitioner makes five contentions regarding trial counsel performance at trial: unduly prejudicial remarks before the jury (numbers 1, 5, and 6 in the Petition), improper cross-examination of witness Dr. Vargo, failure to object to the calling of witness John Grantham, improper cross-examination of witness Mary Davis, and failure to produce certain evidence. Petitioner's challenge to the trial counsel's performance is insufficient to meet the burden. *Miller*, 194 W. Va. 3.

Petitioner's first contention regarding the prejudicial remarks before the jury is clearly insufficient to meet the burden. The record shows that the Petitioner's counsel got into a dispute during trial with the Assistant Prosecuting Attorney over whether a *curriculum vitae* was disclosed. The trial court, outside the presence of the jury, admonished counsel telling them to behave.. The issue was resolved and trial resumed. *See*, Tr. 11/15/06, 26-33. Yet, as noted by the Respondent, Petitioner shows neither that trial counsel's conduct was unreasonably deficient nor that, but for the conduct, the outcome of the trial would have been different. *See, Miller*, 194 W. Va. 3. In fact, it appears clear from a review of the transcript that neither can be shown.

Under this contention, Petitioner also refers to trial counsel's failure to give appropriate opening statement, arguments, and generally improper comments and disputes with the State in front of the jury. Yet, this contention is made without citing any specific example and without identifying how or why. As noted, *supra*, specificity is required in habeas pleadings, and a mere recitation of a ground for relief without detailed factual support will not justify the holding of a hearing or granting relief. *See,* W. Va. Code § 53-4A-2; *Losh v. McKenzie,* 166 W. Va. 762, 771 (1981). This contention is insufficient.

Petitioner's next contention regarding the cross-examination of Dr. Vargo, is clearly insufficient under the standard. Petitioner contends that counsel's cross examination overly emphasized some facts and that it harmed the credibility of Petitioner's case. However, the State's direct examination of Dr. Vargo, a neurologist, concerned the death of Mr. Kidrick, who was declared to be "brain dead" although he still had certain bodily functions. Tr. 11/15/06, 33-39. So, trial counsel's cross-examination necessarily explored this issue further since the jury would have to make the factual determination of how Kidrick died—from the shooting or from some subsequent intervening cause. *Id.,* 39-51. In any case, Petitioner neither shows that counsel's conduct was unreasonably deficient nor that, but for the conduct, the outcome of the trial would have been different. *Miller,* 194 W. Va. 3. In fact, this is exactly the type of decision which involves "strategy, tactics and arguable courses of action." Syl. Pt. 21, *State v. Thomas,* 157 W. Va. 640. So, it should be deemed effective. *Id.*

Petitioner argues that trial counsel did not make a proper objection to the State calling witness John Grantham without first supplying his criminal history. As noted by the Respondent, the record shows that trial counsel *did* object to the State calling the witness John Grantham for the State's failure to provide Mr. Grantham's criminal history. *See,* W.Va. R. Crim. Pro.

16(a)(1)(F). The trial court required the State to provide the defense with the witness' criminal history before allowing the State to call the witness. Tr. 11/15/06, 80-86. So, trial counsel did object to the calling of this witness on this ground and effectively succeeded. This court cannot consider a successful objection not properly made. Further, Petitioner identifies nothing in the record that demonstrates he was prejudiced. The Petitioner neither shows that counsel's conduct was unreasonably deficient nor that, but for the conduct, the outcome of the trial would have been different. *Miller*, 194 W. Va. 3. Therefore, this contention is insufficient.

Petitioner's next contention regarding the cross-examination of Mary Davis, is clearly insufficient under the standard. Here Petitioner argues that trial counsel failed to establish whether Petitioner knew that Kidrick was a violent man. However, trial counsel was permitted, over objection of the State to cross-examine Davis about her violent relationship with Kidrick. *Id.*, 102-107. This was in the context of Ms. Davis's direct testimony about a "fighting" relationship with Kidrick. Tr. 11/15/06, 93-102. So, some type of questioning regarding the violent relationship was done. In any case, Petitioner neither shows that counsel's conduct was unreasonably deficient nor that, but for the conduct, the outcome of the trial would have been different. *Miller*, 194 W. Va. 3. In fact, this is exactly the type of decision which involves "strategy, tactics and arguable courses of action." Syl. Pt. 21, *State v. Thomas*, 157 W. Va. 640. So, it should be deemed effective. *Id.*

Last, Petitioner contends that trial counsel failed to produce certain evidence by not placing enough emphasis on the victim's drug use and resulting behavior, and not placing enough emphasis on the physical location of the victim at the time of the shooting. However, the amount of "emphasis" on which facts that counsel *did* put before the jury, is a matter of strategic and tactics. So, it should be deemed effective. Syl. Pt. 21, *State v. Thomas*, 157 W. Va. 640.

### B. Appellate Counsel

Petitioner's challenge to appellate counsel's performance is also insufficient to meet the burden. *Miller*, 194 W. Va. 3. The Court notes that the right to counsel discussed, *supra*, extends to appeals. *See, Evitts v. Lucey*, 469 U.S. 387 (1985). Here, Petitioner argues that appellate counsel did not properly argue on appeal the sufficiency of the evidence ground. Yet, Petitioner's contention lacks further specificity. The Court notes that sufficiency of the evidence was briefed and argued by appellate counsel. Furthermore, the Supreme Court of Appeals of West Virginia, in a published opinion, specifically considered the sufficiency of the evidence based upon the arguments of counsel and the record. *State v. Grimes*, 226 W.Va. at 421. So, appellate counsel effectively drew the Supreme Court's attention to the issue. Again, the manner in which a particular argument is made is exactly the type of decision which involves "strategy, tactics and arguable courses of action." Syl. Pt. 21, *State v. Thomas*, 157 W. Va. 640. So, it should be deemed effective. *Id.*

After review, it appears to the Court that no further evidence would shed any light upon these contentions and this claim regarding assistance of counsel. Therefore, the claim should be denied and the Court finds no need for an evidentiary hearing.

### II. Denial of Bond

This ground is clearly one which could have been raised on appeal, but it was not. *See,* Procedural History, ¶ 7, *supra.* Petitioner had counsel at the appellate level and offers no fact or argument to overcome the presumption of waiver. Therefore, this issue has been waived, *Ford v. Coiner*, 156 W. Va. 362, and Petitioner is entitled to no relief and no evidentiary hearing.

Notwithstanding this waiver, Petitioner is not entitled to relief on this ground. A defendant under indictment for murder is not entitled to bail. W. Va. Code § 62-1C-1(a). Pre-trial admission to bail, in this circumstance, is discretionary with the court. Syl. Pt. 1, *State ex rel. Ghiz v. Johnson*, 155 W. Va. 186, 183 S.E.2d 703 (1971). As noted in Findings of Fact, *supra*, Petitioner was indicted for murder. The trial court denied bail because of Petitioner's risk of flight and criminal history. *See*, 06-F-21 Order, 3/2/06. So, bail was properly denied. Also, after review, it is clear that no further evidence would shed any light upon this claim. So, Petitioner is entitled to no relief and no evidentiary hearing.

III.     Prosecutor's Comments to the Jury under Due Process Principles

Petitioner here claims that several specific comments (twelve listed) to the jury by prosecutors Gregory Smith, Esq. and Nicholas Colvin, Esq. caused undue prejudice. Due Process of law is guaranteed by the 14th Amendment of the United States Constitution and Section 10 of Article III of the West Virginia Constitution. This principle applies in various ways depending upon the type of issue. *See, e.g., State v. Hatfield*, 169 W.Va. 191, 286 S.E.2d 402 (1982) (interpreting and applying *Brady v. Maryland*, 373 U.S. 83 (1963)).

However, a deeper analysis is not necessary because this ground for relief has been waived. This issue is clearly one which could have been raised on appeal, but it was not. *See*, Procedural History, ¶ 7, *supra*. Petitioner had counsel at the appellate level and offers no fact or argument to overcome the presumption of waiver. Therefore, this issue has been waived, *Ford v. Coiner*, 156 W. Va. 362, and Petitioner is entitled to no relief on this claim and no evidentiary hearing. Furthermore, a review of the twelve contentions show only minor issues, if any, which would not rise to a constitutional level. Considering, "[a] habeas corpus proceeding is not a

substitute for a writ of error in that ordinary trial error not involving constitutional violations will not be reviewed," *Legursky*, 187 W. Va. 607, this is fatal to Petitioner's claim. So, this issue has been waived, *Ford v. Coiner*, 156 W. Va. 362, and further Petitioner is entitled to no relief on this claim and no evidentiary hearing.

IV.     Sufficiency of the Evidence under Due Process Principles

This ground was raised on Petitioner's direct appeal. The Supreme Court of Appeals of West Virginia directly considered this ground and affirmed Petitioner's conviction and sentence. *State v. Grimes*, 226 W.Va. 411, 701 S.E.2d 449 (2009). Therefore, despite Petitioner's detailed review of the evidence, the trial court, the jury, and the Supreme Court of Appeals of West Virginia has found the evidence sufficient. This allegation has been previously finally adjudicated and should be denied; also, the Court sees no need for an evidentiary hearing. *See,* W. Va. Code § 53-4A-7(a); W. Va. Code § 53-4A-3(a); *Losh v. McKenzie*, 166 W. Va. 762 (1981); *Smith v. Hedrick*, 181 W. Va. 394, 395 (1989).

V.      Petitioner's Sentence

Petitioner argues that his forty year sentence is in violation of his rights under Article III, Section 5, of the Constitution of West Virginia and the Eighth Amendment to the Constitution of the United States. *See, State ex rel. Fields v. McBride*, 216 W.Va. 623, 609 S.E.2d 884 (2004). However, this ground was raised on Petitioner's direct appeal. The Supreme Court of Appeals of West Virginia directly considered this ground and affirmed Petitioner's sentence. *State v. Grimes*, 226 W.Va. 411, 701 S.E.2d 449 (2009). So, this allegation has been previously finally adjudicated and should be denied. *See,* W. Va. Code § 53-4A-7(a); W. Va. Code § 53-4A-3(a);

*Losh v. McKenzie*, 166 W. Va. 762 (1981); *Smith v. Hedrick*, 181 W. Va. 394, 395 (1989). Also, the Court finds no need for an evidentiary hearing.


VI.    Admission of 404(b) Evidence as Intrinsic

Petitioner claims that the admission of evidence regarding the Petitioner's physical altercation with Mr. Moneypenny just before the crime was improper. This claim should be denied because it does not raise a constitutional error and because it has been previously finally adjudicated. A general trial error is not reviewable on a petition for habeas corpus. *Legursky*, 187 W. Va. 607. This claim amounts to a claim of a general trial error, and so it should be denied.

Furthermore, this ground was raised on Petitioner's direct appeal. The Supreme Court of Appeals of West Virginia directly considered this ground and affirmed Petitioner's conviction. *State v. Grimes*, 226 W.Va. 411, 701 S.E.2d 449 (2009). This allegation has been previously finally adjudicated and should be denied. *See*, W. Va. Code § 53-4A-7(a); W. Va. Code § 53-4A-3(a); *Losh v. McKenzie*, 166 W. Va. 762 (1981); *Smith v. Hedrick*, 181 W. Va. 394, 395 (1989). Also, the Court finds no need for an evidentiary hearing.


VII.    Actions of Investigating Officer under Due Process Principles

Petitioner argues here that Officer Bohrer's intentional destruction of his notes, payment to a witness, and his misleading the grand jury, led to Petitioner's conviction in violation of his due process rights. However, this ground was raised on Petitioner's direct appeal. The Supreme Court of Appeals of West Virginia directly considered this ground, which was fully briefed by the Petition for Appeal, and affirmed Petitioner's conviction. *State v. Grimes*, 226 W.Va. 411,

701 S.E.2d 449 (2009). So, this allegation has been previously finally adjudicated and should be denied. *See,* W. Va. Code § 53-4A-7(a); W. Va. Code § 53-4A-3(a); *Losh v. McKenzie,* 166 W. Va. 762 (1981); *Smith v. Hedrick,* 181 W. Va. 394, 395 (1989). Also, the Court finds no need for an evidentiary hearing.

VIII.    Rejection of Plea Agreement

Petitioner alleges error in that the trial court rejected a binding plea. However, this claim must be denied because it is factually inaccurate, alleges no constitutional error, and has been waived. The record shows that the Petitioner withdrew from a plea agreement to the lesser-included offense of Second Degree Murder when the victim's family objected to the agreed-upon sentence of twelve years. *See, supra,* Findings of Fact Relevant to Petitioner's Claims, ¶ 2; Tr. 7/19/06, 4-5. So, this ground should be denied.

Petitioner's allegation here amounts to one of general trial error. A general trial error is not reviewable on a petition for habeas corpus. *Legursky,* 187 W. Va. 607. So, this claim should be denied.

Last, this issue is clearly one which could have been raised on appeal, but it was not. *See,* Procedural History, ¶ 7, *supra.* Petitioner had counsel at the appellate level and offers no fact or argument to overcome the presumption of waiver. Therefore, this issue has been waived, *Ford v. Coiner,* 156 W. Va. 362, and Petitioner is entitled to no relief on this claim and no evidentiary hearing.

IX.    Trial Court Allowing Witness Testimony

Petitioner alleges error in that the trial court allowed witnesses to testify when their criminal histories had only been disclosed just moments before their testimony. However, this claim must be denied because it alleges no constitutional error, and has been waived.

Petitioner's allegation here amounts to one of general trial error. A general trial error is not reviewable on a petition for habeas corpus. *Legursky*, 187 W. Va. 607. So, this claim should be denied.

Also, this issue is clearly one which could have been raised on appeal, but it was not. *See*, Procedural History, ¶ 7, *supra*. Petitioner had counsel at the appellate level and offers no fact or argument to overcome the presumption of waiver. Therefore, this issue has been waived, *Ford v. Coiner*, 156 W. Va. 362, and Petitioner is entitled to no relief on this claim and no evidentiary hearing.

X.    Cumulative Effect

Petitioner also argues that if all of the errors would alone be harmless, their cumulative effect creates a due process violation. *See* Syl. Pt. 5, *State v. Smith*, 156 W.Va. 385, 193 S.E.2d 550 (1972). Yet, the Court has found each claim of error to be seriously insufficient, and upon review of the underlying case, the transcripts, and the appeal the Court finds that there is no cumulative effect.

XI.    Grounds Left Unaddressed

The following grounds were not specifically waived on Petitioner's *Losh* list, not addressed in any way in the Petition or memorandum in support thereof, and have not been

factually or legally supported whatsoever (the numbers are those appearing on Petitioner's *Losh* list):

> 3-Indictment shows on its face that no offense was committed;
>
> 4-Prejudicial pre-trial publicity;
>
> 5- Denial of right to speedy trial;
>
> 7 and 8-Mental competency at time of crime or at time of trial;
>
> 15-Coerced confession;
>
> 16-Suppression of helpful evidence by prosecutor;
>
> 17-State's knowing use of perjured testimony;
>
> 19-Unfulfilled plea bargain;
>
> 23-Irregularities in arrest;
>
> 26-Illegal detention prior to arraignment;
>
> 27-Irregularities or errors in arraignment;
>
> 30-Defects in indictment;
>
> 31-Improper venue;
>
> 32-Pre-indictment delay;
>
> 34-Refusal to subpoena witness;
>
> 38-Refusal to turn over witness notes;
>
> 39-Claim of incompetence at time of offense;
>
> 40-Claims concerning use of informers to convict;
>
> 42-Instructions to the jury;
>
> 43-Claims of prejudicial statements by trial judge;
>
> 48-Improper communications between prosecutor and witnesses or jury;

52-Mistaken advice of counsel as to parole or probation eligibility;

53-Amount of time served on sentence, credit for time served.

The record is plain that the Petitioner is not entitled to any relief on these grounds. W. Va. Code § 53-4A-3(a), 7(a); Syl. Pt. 1, *Perdue v. Coiner*, 156 W.Va. 467 (1973). In this situation, the Court should "summarily deny" these "unsupported claims that are randomly selected from the list of grounds" *Losh v. McKenzie*, 166 W. Va. 762.

After this full review, the Court has found that each of Petitioner's claims do not merit an evidentiary hearing, and should be denied.

Accordingly, the Court DENIES Petitioner's Petition for Post-Conviction Habeas Corpus Relief. The Court notes the objections and exceptions of the parties to any adverse ruling herein.

Therefore, it is hereby ADJUDED and ORDERED that Petitioner Edward C. Grimes's Petitioner for Writ of Habeas Corpus and Request for an Evidentiary Hearing is DENIED.

The Court directs the Circuit Clerk to distribute attested copies of this order to the following counsels of record:

*Counsel for Petitioner:*
Christopher J. Prezioso, Esq.
206 West Burke Street
Martinsburg, WV 25401

*Counsel for Respondent:*
Christopher C. Quasebarth, Esq.
Prosecuting Attorney's Office
380 West South Street
Martinsburg, WV 25401

CHRISTOPHER C. WILKES, JUDGE
TWENTY-THIRD JUDICIAL CIRCUIT
BERKELEY COUNTY, WEST VIRGINIA